IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| Ysola Ruiz, | * |
| Plaintiff, | * |
| v. | * Case No.: PWG-17-3434 |
| Deutsche Bank Trust Co., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Plaintiff Ysola Ruiz seeks a declaration establishing that she remains the owner of a residential property in Silver Spring, Maryland, which has twice been the subject of foreclosure proceedings. *See* Compl. 2-3, 8, ECF No. 1. Deutsche Bank Trust Company ("Deutsche Bank"), the sole remaining defendant in the suit, has filed an uncontested motion for judgment on the pleadings. ECF No. 19. As I agree with Deutsche Bank that the doctrine of res judicata bars Ms. Ruiz's claims, I am granting the motion and dismissing the Complaint with prejudice.

### Factual Background

Ms. Ruiz obtained a mortgage secured by her principal residence, 12005 Remington Drive, Silver Spring, Maryland 20902 (the "Property"), and executed a Deed of Trust on the Property in favor of the note holder and Deutsche Bank. Compl. On November 29, 2007, Deutsche Bank instituted foreclosure proceedings in the Circuit Court for Montgomery County ("First Foreclosure Action"). *Id.* at ¶ 2. The Property was sold to Deutsche Bank, but the court later rescinded the sale due to a lack of notice to the Internal Revenue Service, stating that "the

1

parties are hereby placed into the status quo *ante* and the Substitute Trustees may resell the subject property." Order to Vacate Foreclosure Sale, ECF No. 19-3.

On September 30, 2015, Deutsche Bank initiated foreclosure proceedings a second time, again in the Circuit Court for Montgomery County ("Second Foreclosure Action"). As the defendant in that case, Ms. Ruiz filed a motion to dismiss, which was denied, ECF No. 19-5, as was her motion for reconsideration of that denial. Docket Sheet 9-10, ECF No. 19-7. Deutsche Bank purchased the Property, Compl. ¶ 17, and the court issued an Order for Judgment Awarding Possession on May 10, 2018, ECF No. 19-9.

On November 17, 2017, while the Second Foreclosure Case was still pending, Ms. Ruiz brought the current action against Nationstar Mortgage LLC[1] and Deutsche Bank. Compl. The Complaint purports to bring three claims: (1) Quiet Title, (2) breach of contract and violation of 12 C.F.R. § 1026.41 and 12 U.S.C. § 2605, and (3) breach of contract, failure to restore status quo following the first foreclosure case. *Id.* at 5-11.

Before the Court is Defendant Deutsche Bank's Motion for Judgment on the Pleadings. Def.'s Mot., ECF No. 19. Plaintiff has not filed an opposition brief, and the time to do so expired on August 24, 2018. Scheduling Order, ECF No. 18. Deutsche Bank argues that Plaintiff's claims are barred by *res judicata*, the *Rooker-Feldman* doctrine, and the Anti-Injunction Act, 22 U.S.C. § 2283. Def.'s Mem., ECF No. 19-1 at 1. Because I find that *res judicata* precludes this litigation, I am granting Defendant's motion without reaching Defendant's alternative grounds for dismissal.

---

[1] I dismissed Nationstar Mortgage LLC during a November 5, 2018 conference call. ECF No. 26.

2

## Standard of Review

Courts apply "the same standard for Rule 12(c) motions [for judgment on the pleadings] as for motions made pursuant to Rule 12(b)(6)." *Burbach Broadcasting Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002). Under Rule 12(b)(6), a complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Rule 12(b)(6)'s purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).

If an affirmative defense "clearly appears on the face of the complaint," however, the Court may rule on that defense when considering a motion to dismiss. *Kalos v. Centennial Sur. Assocs.*, No. CCB-12-1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012) (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n. 1 (4th Cir. 2000)). One such affirmative defense is res judicata. When reviewing a motion for judgment on the pleadings, I "may consider documents attached to the complaint, as well as documents attached to the motion . . . if they are integral to the complaint and their authenticity is not disputed. Additionally, a federal court may take judicial notice of documents from prior state court proceedings . . . ." *Sposato v. First Mariner Bank*,

3

No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013) (citing *Philips v. Pitt. Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

## Discussion

*Res judicata* "bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." *Reid v. New Century Mortg. Corp.*, No. AW-12-2083, 2012 WL 6562887, at *3 (D. Md. Dec. 13, 2012) (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009)). When a federal court litigant asserts *res judicata* based on a state court judgment, "[the] federal court must give to [the] state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under Maryland law, *res judicata*, or claim preclusion, provides grounds for dismissal if a defendant establishes that "(1) the present parties are the same or in privity with the parties to the earlier dispute, (2) the claim presented is identical to the one determined in the prior adjudication, and (3) there has been a final judgment on the merits." *Capel v. Countrywide Home Loans, Inc.*, No. WDQ-09-2374, 2010 WL 457534, at *3 (D. Md. Feb. 3, 2010) (citing *Anne Arundel County Bd. of Educ. v. Norville*, 887 A.2d 1029, 1037 (Md. 2005)).

1. *Same Parties*

In the Second Foreclosure Action, Ms. Ruiz was the defendant, and substitute trustees appointed by Deutsche Bank were the plaintiffs. *See* Compl. ¶¶ 16–17; ECF Nos. 19-4 at 2; 19-7 at 2-6. Ms. Ruiz does not dispute that the substitute trustees were in privity with Deutsche Bank.

In fact, her Complaint states that "the Note Holder [Deutsche Bank] instituted [the Second Foreclosure Action]." Compl. ¶ 15. I am satisfied that the litigation was between the same parties or their privities. *See Peden v. BWW Law Group*, No. PWG-16-4012, 2018 WL 690880, at *3 (D. Md. Feb. 1, 2018).

2. *Identical Claims*

Under Maryland law, courts apply the transaction test to determine whether claims are identical. *See Kent Cty. Bd. of Educ. v. Bilbrough*, 525 A.2d 232, 238 (Md. 1987). "Under the transaction test, a 'claim' includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the claim arose." *Boyd v. Bowen*, 806 A.2d 314, 325 (Md. Ct. Spec. App. 2002) (citing *FWB Bank v. Richman*, 731 A.2d 916, 928 (Md. 1999)). Notably, *res judicata* bars not only claims from the original litigation, but also other claims that could have been brought in the original litigation. *Id.* (citing *Gertz v. Anne Arundel Cty.*, 661 A.2d 1157, 1161 (Md. 1995)). This Court consistently has held that *res judicata* bars collateral attack on foreclosure judgments. *See Prudencio v. Capital One, N.A.*, No. PWG-16-2693, 2016 WL 6947016, at *3 (D. Md. Nov. 28, 2016) (concluding that the second element was satisfied because "all of Plaintiffs' present claims" of violations of the FDCPA, the RESPA, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*; negligence; breach of fiduciary duties; fraud and misrepresentation; civil conspiracy; and intentional infliction of emotional distress "could have been raised in the foreclosure action"); *Jones v. HSBC Bank USA, N.A.*, No. RWT 09CV2904, 2011 WL 382371, at *5 (D. Md. Feb. 3, 2011) (holding that claims for violations of the Fair Debt Collection Practices Act, breach of fiduciary duty, and fraud could not be brought in this

5

Court, as the claims could have been raised in the foreclosure proceeding); *Anyanwutaku v. Fleet Mortg. Grp., Inc.*, 85 F. Supp. 2d 566, 571 (D. Md. 2000) (concluding that plaintiff's claims for, *inter alia*, illegal foreclosure, fraud and misrepresentation, and conspiracy were barred by *res judicata*, as the claims concerned the same transaction).

The crux of Ms. Ruiz's suit in this Court is that Deutsche Bank "never deeded the Property back" to her after the state court in the First Foreclosure Action issued its "Order to Rescind Sale." Compl. ¶¶ 8-11. She also alleges that the Order to Rescind the Sale is invalid because it allowed Deutsche Bank to initiate the Second Foreclosure Action. *See id.* at ¶¶ 35-37. Lastly, she alleges that Deutsche Bank failed to send mandatory financial correspondences, in violation of 12 CFR § 1026.41 and 12 USC § 2605. *Id.* at ¶¶ 38-41.

The state court Second Foreclosure Action and the present case clearly relate to the same transaction or occurrence: the Note and Deed of Trust on the Property and the Foreclosure Actions that resulted when Ms. Ruiz failed to make payments. Furthermore, Ms. Ruiz's claims not only "*could* have been raised in the foreclosure action," *Prudencio*, 2016 WL 6947016, at *3 (emphasis added), but actually were raised. *See* State Court Mot. to Dismiss 4, ECF No. 19-4 ("The substitute trustees had no rights to commence this foreclosure case."); State Court Mot. to Reconsider ¶ 5, ECF No. 19-6 ("[Deutsche Bank], however, violated the [state] court's 'status quo' order and there is not entitled to resell the property . . . ."); Mot. for Possession ¶ 14, ECF No. 19-8 ("Furthermore, Deutsche Bank and Nationstar stopped sending statutory correspondences to the Plaintiff pursuant to 12 CFR 1026.41 and 12 USCS § 2605."). Thus, the claims are identical.

### 3. *Final judgment on the merits*

Lastly, the Circuit Court for Montgomery County issued a judgment awarding possession of the Property to Deutsche Bank, and the case is closed. *See* ECF No. 19-7 (Order, Judgment of Possession, Docket Number 79); *McMillan v. Bierman, Geesing, Ward & Wood LLC*, No. WMN-11-2048, 2012 WL 425823, at *3 (D. Md. Feb. 8, 2012) (Circuit Court order granting possession is a final judgment), citing *Jones*, 2011 WL 382371, at *3.

Thus, because all three elements of *res judicata* have been met, Plaintiff's claims are precluded and this case is dismissed with prejudice.

## **ORDER**

For the reasons stated in this Memorandum Opinion, it is, this __ day of January, 2019, hereby ORDERED that

1. The Motion for Judgment on the Pleadings, ECF No. 19, is GRANTED;

2. Plaintiff's Complaint is DISMISSED WITH PREJUDICE; and

3. The Clerk is directed to CLOSE THE CASE.

 2/1/2019
Paul W. Grimm
United States District Judge

sam